## Murray Porter, et al. v. Opal Porter, et al.

(Decided December 17, 1926.)

### Appeal from Butler Circuit Court.

Descent and Distribution—On Distribution of Deceased Father's Property, Judgment Against Son for Value of Deceased Brother's Share of Land Deeded to Him. Held Proper.—Where father had given tracts of land of equal size to all sons except one, who had died, and whose share was taken by M., another son, in an action to sell deceased father's property and distribute proceeds among heirs, it was proper to render judgment against M. for value of extra tract of land received.

E. N. MAYHUGH for appellants.

G. V. WILLIS and S. R. CREWDSON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Orignally this proceeding was by Opal Porter and others against Murray Porter and others for the sale of certain real property belonging to the estate of J. E. Porter and Alice Porter, and for the payment of certain debts owing by the Porters, and a distribution of the residue of the estate after the payment of the debts among the heirs. The court directed a sale of the lands, and further adjudged that C. M. Porter, administrator of the estate of J. E. and Alice Porter, pay to Opal Porter and to the heirs of Bernice Porter Corum, the sum of $300.00 each out of the proceeds of the sale of the land before there is any other division of such proceeds; and further, that the administrator of J. E. and Alice Porter recover of the heirs and widow of Percie Porter the sum of $100.00. From that judgment this appeal is prosecuted.

Before rendition of this judgment three other suits had been instituted in addition to the original one, and all have been consolidated, the judgment styled above being entered in the consolidated action. In the Nina and Clyde Porter branch of the consolidated case an agreed judgment was entered, settling all claims, and no appeal is prosecuted from that. In another branch of the case Milam Porter, Clyde Porter and Murray Porter, three sons, claimed that they did not receive $300.00 charged to them as advancement and did not receive $200.00 from the sale of the Forgerville property. The entry of

the agreed-judgment for $370.00 settled the Clyde Porter controversy. Some other claims were also adjusted among the parties and judgment entered in the lower court.

The record shows that J. E. Porter, the father, owned several tracts of land at the time of his death. When his sons grew up to manhood and established homes of their own, he divided up a tract of bottom land and gave to each of then 25 acres, valued at $300.00. This is referred to as an advancement and has been so treated by the trial court. The daughters did not get a share in the bottom land. These tracts of land were laid off and an accurate description prepared in writing and delivered to the sons, and the sons, all except Alvis, the youngest, who was killed in the World War, took charge of his share. Alvis' part passed by deed to Milam Porter, he agreeing to pay for the extra 25 acres, and this is the $300.00 for which judgment went against him. He not only received the 25 acres intended for his youngest brother but was charged with the $300.00 which he owed for the second 25 acres. Thus Milam Porter was indebted to the estate in the sum named in the judgment. From a very careful perusal of the record we are persuaded that the trial court properly adjudged the rights of all the parties in every particular, and that the findings are sustained by the evidence, and there is no error in the judgment, for which reason it is affirmed.

Judgment affirmed.